UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

BARBARA SILVA,

*Plaintiff*,

v.

SUNPATH, LTD, a Delaware Limited
Company and AFFORDABLE AUTO
SHIELD, an unknown business entity

*Defendants*.

EP23CV0261

## COMPLAINT

Plaintiff Barbara Silva ("Plaintiff") states as follows for her Complaint against Defendant SunPath, LTD ("Sunpath") and Defendant Affordable Auto Shield ("Affordable"):

## PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.

2. Defendants and their agents knowingly engaged in a pattern and practice of illegal telemarketing in violation of the TCPA. In particular, Defendants and their agents violated the TCPA by initiating calls to Plaintiff whose number is registered on the National Do-Not-Call Registry.

1

## PARTIES

3. Plaintiff BARBARA SILVA ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in Texas for all calls, in this case in El Paso County.

4. Defendant SUNPATH, LTD ("Sunpath") is a corporation organized and existing under the laws of Delaware and can be served via registered agent Registered Agent Solutions, Inc. at Corporate Center One 5301 Southwest Parkway, Austin, TX 78735.

5. Defendant AFFORDABLE AUTO SHIELD ("Affordable") is an unknown entity at this time.

## JURISDICTION AND VENUE

6. The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because it arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case.

7. The Court has supplemental jurisdiction over Count III under 28 U.S.C § 1367.

8. This Court has general personal jurisdiction over Defendants because they conduct business and derive revenue in this District and in the State of Texas and a significant portion of the events giving rise to this lawsuit occurred in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## **THE TELEPHONE CONSUMER PROTECTION ACT**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

13. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1). [1]

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a

---

[1] See Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 20030 FCC order).

3

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## THE NATIONAL DO-NOT-CALL REGISTRY

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

19. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

4

## **FACTUAL ALLEGATIONS**

20. Defendant Sunpath is an auto insurance company that sells car warranties and other financial products and services. Defendant sells its products and services across the country, including Texas.

21. Upon information and belief, Defendant Sunpath authorized its agent, Defendant Affordable, to make unsolicited telemarketing calls and market car warranty products and services on Sunpath's behalf.

22. Plaintiff's cellular number is (915)-887-XXXX, which was listed on the National Do Not Call Registry at all relevant times. Plaintiff personally registered her cell phone on the National Do-Not-Call Registry on February 2, 2022.

23. Plaintiff has received at least twelve (12) calls to her cell phone without her prior express written consent and not related to an emergency purpose, soliciting "Auto Protection" products on behalf of Defendant Affordable Auto Shield.

24. Plaintiff received multiple calls from various spoofed caller IDs that were initiated with a prerecorded message from "Affordable Auto Shield."

25. Plaintiff logged the date and time of these calls as they continued to bombard Plaintiff with unwanted solicitations.

26. Refer to Table A below: On January 8, 2023, Plaintiff received a phone call from (832) 342-7496, and when answered, a prerecorded message started with, "Hi, this is Kate from Auto Protection." Plaintiff hung up the phone due to Plaintiff not needing the service.

27. Refer to Table A below: On January 9, 2023, Plaintiff received a phone call from (832)

5

336-3994, and when answered, a prerecorded message again started with, "Hi, this is Kate from Auto Protection." Plaintiff was directed to press "1" to be transferred to a telemarketer, where Plaintiff purchased an auto protection policy to uncover the entity behind the unsolicited phone calls.

28. Plaintiff purchased the policy to obtain written documentation confirming the entity behind the unsolicited calls.

29. Plaintiff was told she would get the policy in the mail. Plaintiff then called a number given to her by the telemarketer and canceled the unwanted policy immediately.

30. Plaintiff received the auto protection policy contract, with service contract number ECF219042, on April 14, 2023, over three months after buying and canceling the unsolicited policy. The contract states that the seller/dealer name is "Affordable Auto Shield," an entity Plaintiff could not find any concrete information on.

31. In the contract under SECTION I. DEFINITIONS it states "Administrator means SunPath, LTD, a Corporation organized under the laws of the State of Delaware, whose principal please of business is 50 Braintree Hill Park, Suite 310, Braintree MA 02187, which is the entity that will administer hereunder."

32. The policy Plaintiff received in the mail was issued by Defendant Sunpath.

33. Refer to Table A below: On April 18, 2023, at 7:05 AM Plaintiff received a voicemail from an agent from phone number (915) 292-5222 stating to please contact the team to discuss auto policies.

34. Refer to Table A below: On April 18, 2023, at 10:33 AM Plaintiff received a phone call from an agent from phone number 915-292-5922. Plaintiff was being asked to discuss auto policies but Plaintiff asked to never call back.

35. Refer to Table A below: On April 19, 2023, at 8:30 AM, Plaintiff received a voicemail from an agent from phone number (915) 292-5222 stating to please contact the team to discuss auto policies.

36. Refer to Table A below: On April 19, 2023, at 11:34 AM Plaintiff received a phone call from an agent from phone number (915) 292-5892. Plaintiff was being asked to discuss the policy Plaintiff purchased but Plaintiff asked to never call back.

37. Refer to Table A below: On April 19, 2023, at 12:35 AM Plaintiff received a phone call from an agent from phone number (915) 292-5929. Plaintiff was being asked to discuss the policy Plaintiff purchased but Plaintiff asked to never call back.

38. Refer to Table A below: April 27, 2023 through May18, 2023, Plaintiff received four of the same text message from phone number (717) 613-7059. The messages included a phone number 855-203-1424 whichis linked to Defendant Alleviate's website https://alleviatetax.com.

39. The first 2 calls displayed in Table A, Plaintiff answered and was met with a delayed silence of about 3-4 seconds before hearing an audible "beep." The beep was followed by a prerecorded message followed by a telemarketer after Plaintiff was directed to press "1". The telemarketer did not ask for Plaintiff by name, which indicates automation being used to contact Plaintiff to solicit her goods and services.

7

40. Table A displays the unauthorized calls made by the Defendants:

| DATE | TIME | DURATION | NUMBER | NOTES |
|---|---|---|---|---|
| 1/8/2023 | 2:48 PM | 3 min | (832) 342-7496 | Prerecorded message |
| 1/9/2023 | 12:12 PM | 45 min | (832) 336-3994 | Prerecorded message bought policy |
| 1/10/2023 | 1:13 PM | 8 min | (855) 203-1424 | Plaintiff called to cancel policy |
| 4/18/2023 | 7:04 AM | Missed Call | (915) 292-5922 | |
| 4/18/2023 | 9:23 AM | Missed Call | (915) 292-5922 | |
| 4/18/2023 | 10:33 AM | 1 min | (915) 292-4571 | Talking about car warranty policies, DNC request |
| 4/19/2023 | 11:34 AM | 50 sec | (915) 292-5892 | Talking about car warranty policies |
| 4/19/2023 | 8:29 AM | Missed Call | (915) 292-5922 | |
| 4/19/2023 | 12:35 PM | 1 min | (915) 292-5929 | Talking about car warranty policies |
| 4/19/2023 | 8:30 AM | Voicemail | (915) 292-5922 | Carrie asking for a call back at 855-203-1424 |
| 4/18/2023 | 7:05 AM | Voicemail | (915) 292-5222 | Carrie asking for a call back at 855-203-1424 |
| 4/27/2023 | 6:24 AM | Text | (717) 613-7059 | Asking to contact team 855-203-1424 |
| 5/4/2023 | 8:48 AM | Text | (717) 613-7059 | Asking to contact team 855-203-1424 |
| 5/4/2023 | 10:26 AM | Text | Reply | Asking to stop texting |
| 5/18/2023 | 8:32 AM | Text | (717) 613-7059 | Contacted me by text again asking to contact them at # 855-203-1424 |

41. On April 22, 2023, Plaintiff searched the Texas Secretary of State website https://direct.sos.state.tx.us/telephone/telephonesearch.asp and did not find a valid Texas Solicitation Registration as required by Texas Business and Commerce Code 302.101.

42. Defendant does not qualify for an exemption under TX Bus. Com. Code 302.101. No emergency necessitated the calls.

43. Calls made to Plaintiff by Defendant were made knowingly or willfully due to Plaintiff's multiple requests to stop contacting her.

44. Plaintiff has limited data storage capacity on her cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 302.101

45. The actions of Defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

46. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

47. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

48. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

49. Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

9

50. Under Texas Business and Commerce Code § 302.302(d) Plaintiff is entitled to all reasonable costs of prosecuting the case including attorney's fees, deposition costs, investigation costs, and witness fees.

## VICARIOUS LIABILITY OF SUNPATH FOR CALLS PLACES BY AFFORDABLE

51. Defendant Sunpath is "vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers," such as Affordable. In re Joint Pet. filed by Dish Network, LLC, 28 F.C.C.R. 6574, 6582 (2013).

52. Sunpath solicits auto warranties through direct telephone solicitation by its hired telemarketer Affordable, who acts on its behalf. Affordable provides live, hot, leads to Sunpath and Sunpath accepts the leads. Affordable was Sunpath's agent when it made the prohibited calls on behalf of and with the actual authority from Sunpath pursuant to a contract that governs Affordable's telemarketing for Sunpath.

53. Sunpath directs, controls, authorizes, and pays Affordable, to generate live-transfer leads for Sunpath's car warranties through direct telephone solicitation. Moreover, it requires, authorizes, or at least permits Affordable's agents to solicit explicitly for auto warranties.

54. Sunpath sets the criteria for qualifying leads, which Affordable must follow, and Sunpath transfers leads, qualified on those criteria exclusively to Sunpath.

55. On information and belief, Sunpath write or at least approve the prerecorded messages/call script Affordable uses when qualifying leads for Sunpath.

56. Affordable's telemarketers are Sunpath;s associates and do nothing to disturb the impression that Affordable's telemarketers work for and speak on and act on Sunpath's behalf.

57. From Affordable's telemarketer's initial call through the receiving of Defendants' auto warranty in the mail, Sunpath's auto warranty solicitations constitute a singular, coordinated marketing effort devised, authorized, directed, and controlled by Sunpath the principal, and with Affordable, acting as Sunpath's agent.

58. Affordable, acting with actual authority, made the prohibited calls, qualified Plaintiff according to Sunpapth's criteria, and then submitted Plaintiff's information to Sunpath's advisor to continue marketing auto warranties.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

59. Plaintiff has been denied the use of her phone, enjoyment of her phone, and had the functionality of her phone decreased because of unnecessary charging, erosion of phone memory, and her privacy invaded by the harassing robocalls.

60. Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent: a "nuisance and invasion of privacy."

61. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by Defendants' and other similar companies.

62. Defendants' calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the Plaintiff.

## CAUSES OF ACTION

### COUNT I
(Violation of the TCPA 47 U.S.C. § 227(b) et seq.)
(Against all Defendants)

11

1. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation in paragraphs 1-44.

2. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

3. As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for two (2) violations and an injunction requiring Defendants to stop their unlawful calling campaigns.

4. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

5. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
(Violation of the TCPA 47 U.S.C. § 227(c) et seq.)
(Against All Defendants)

6. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation in paragraphs 1-67.

7. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf made telemarketing calls to Plaintiff's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

8. Plaintiff was statutorily damaged at least sixteen (16) times under 47 U.S.C. § 227(c)(3)(F) by Defendants' telephone calls described above, in the amount of $500.00 per call.

9. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

10. As a result of Defendants' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500 in statutory damages, or $1,500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

11. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

### COUNT III
(Violations of The Texas Business and Commerce Code 302.101)
(Against All Defendants)

12. Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

13. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without her prior express written consent.

14. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Barbara Silva prays for judgment against Defendants jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOES as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.    An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $500 per call in statutory damages arising from the TCPA § 227(b) intentional violations jointly and severally against the corporation for two (2) calls.

E.    An award of $1,500 per call in statutory damages arising from the TCPA § 227(c) intentional violations jointly and severally against the corporation for twelve (12) calls

F.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

G.    An award to Plaintiff of damages, as allowed by law under the TCPA;

      H.      An award to Plaintiff of interest, costs and attorneys' fees, as allowed by law and equity

      I.      Such further relief as the Court deems necessary, just, and proper.

JURY TRIAL DEMANDED

July 13, 2023,                                       Respectfully Submitted,

BARBARA SILVA
8749 Coloma Cir
El Paso, TX 79907
Email: bbrios259@gmail.com
*Plaintiff Pro Se*