FILED
August 15, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Laura Loera_____
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**BARBARA SILVA,**

**Plaintiff,**

v.                                                            EP:23-CV-00261-KC

**SUNPATH, LTD, et al**

**Defendants.**

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff BARBARA SILVA respectfully moves, under Fed. R. Civ. P. 55(b)(2), for a Default Judgement against SUNPATH, LTD ("Sunpath").

### I.   STATEMENT OF FACTS

Liability: The Plaintiff in this case, Barbara Silva received twelve (12) phone calls to her personal telephone number, 915-887-8790, which was listed on the National Do Not Call Registry. Compl. ¶22. Defendant Sunpath is a warranty company that uses telemarketers to solicit their products. Defendant's marketers use prerecorded messages to solicit the products for Sunpath to potential customers, including to persons like Plaintiff, who did not provide her prior express written consent to receive such solicitations.

Jurisdiction: This Court has General personal jurisdiction over Defendant Sunpath because they conduct business and derive revenue in this District and in the state of Texas and significant portion of the events giving rise to this lawsuit occurred in this District.

1

<u>Injury:</u> Plaintiff did not provide her prior consent to receive these calls. Compl. ¶ 23.  Plaintiff was damaged both statutorily and emotionally.  Plaintiff found the calls invasive of his privacy, annoying, and obnoxious. *Id*. ¶ 59-62.

<u>Damages:</u> Damages for violations of section 227(c) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations. Damages for violations of 227(b)(1)(A)(iii) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations. Plaintiff alleges that she received twelve (12) phone calls in violation of 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(C).  Plaintiff alleges that she received two (2) phone calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

Texas Business and Commerce Code 302.101 is set by statute up to $5,000 per violation. Plaintiff alleges that she received twelve (12) phone calls in violation of Tex. Bus. Com. Code 302.101.

Plaintiff is entitled to $6,000 for eight (12) violations of 227(c) at $500 per call. Plaintiff is entitled to $1,000 for two (2) violations of 227(b)(1)(A)(iii) at $500 per call. Plaintiff is entitled to $60,000 for twelve (12) violations of Tex. Bus. Com. Code 302.101 at $5,000 per call, plus $402 in filing fees $67,402.

Plaintiff did not provide her prior express consent to receive any of the calls.

Though Plaintiff delivered a Do Not Call Request she is not seeking treble damages for any portion of the calls received.

<u>Procedural History:</u>   On July 13, 2023, Plaintiff filed her Complaint against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and regulations promulgated thereunder, and Tex. Bus. Com. Code 302.101. ECF No. 1. On November 11, 2023, Defendant Sunpath was served with the summons and Complaint via

Waiver of Service. ECF No. 9. Defendant filed a Motion to Dismiss on January 10, 2024. ECF 12. Sunpath's attorney Jason Weiss filed a Motion to Withdraw as attorney-of-record, on January 10, 2024. ECF No. 13, and the Court granted Mr. Weiss's request, leaving Sunpath unrepresented by counsel, January 12, 2024. ECF No. 14. The Court also ordered that Sunpath retain counsel to represent it in this matter and said counsel must enter an appearance on the docket no later than February 8, 2024. ECF 14. On February 27, 2024, the Court ordered "the parties to meet, confer, and submit a joint report of Parties' planning meeting… no later than March 12, 2024." ECF No. 23. Defendant Affordable Auto Shield ("AAS") filed the Report of Parties' Planning Meeting, and informed the Court that Sunpath did not participate in the Meeting. ECF No. 29. On March 18, 2024, the Court ordered Plaintiff to move for Default against Sunpath. ECF No. 33.

Plaintiff moved for entry of default against Defendant Sunpath on April 8, 2024. ECF No. 35. On April 10, 2024, default was entered against Defendant Sunpath. ECF No. 36. By failing to comply with the Court's Order to retain counsel by February 8, 2024, and meet and confer, Sunpath has failed to defend itself in this action. Plaintiff now moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.     ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a Defendant's default.

Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 & n.23 (4th ed. 2023) (explaining that "a party who has filed a responsive pleading or otherwise defended still may be found in default for noncompliance with the rules at some later point in the action," including when that party had "fail[ed] to comply with unambiguous orders to obtain substitute counsel [and] file pretrial memorandum" (citing Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912,

917 n.11 (3d Cir. 1992))). (Citing Order for Plaintiff to move for Entry of Default against Sunpath). ECF 33. When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, Plaintiff may seek an entry of default judgment. Fed. R. Civ. P 55(b). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Lindsey v Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)

For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

**A.      The Court Has Jurisdiction and Service of Process Was Proper**

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant. Further, Defendant was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

      i.      Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

      ii.      Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific. General jurisdiction exists when a corporation is "fairly regarded as at home" in the state. Id. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, a corporation is

"at home" on in its place of incorporation or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020).

Specific personal jurisdiction exists when the suit arises out of the defendant's contacts with the forum. *Bristol Myers Squibb Co.*, 582 U.S. at 262. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction, and the exercise of such jurisdiction would not violate due process." *Conn Appliances, Inc v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In this case, general jurisdiction arises out of Defendant's location being in Texas. Texas has an interest in protecting their citizens and enforcing its consumer protection laws. Defendant willfully and purposefully violated Texas consumer protection laws.

      **iii.**    Service of Process

Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." On November 17, 2023, Jason Weiss, Sunpath's counsel, filed a Waiver of Service, acknowledging that he accepted Summons and Complaint on behalf of Sunpath. Thus, Plaintiff effected service.

B. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore,

5

because Defendant has not responded, the Court is unable to consider either the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant has demonstrated the culpability necessary for their failure to respond to weigh against them.

    i.        Without Default, Plaintiff Will be Denied Relief

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Defendant was made aware of their unlawful conduct when it was served with the Complaint, and after they responded, their attorney withdrew from the case, and the Court ordered them to retain counsel and later ordered them Meet and Confer, and Sunpath ignored both orders. Sunpath was sent a copy of the Request of Entry of Default, and the Courts orders and Entry of Default went ignored. Nevertheless, Defendant has failed to Defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because she will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of

Plaintiff.

    ii.    Defendant Has No Meritorious Defense

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because Defendant did not respond, the Court cannot determine whether or not the Defendant had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendant had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

    iii.    Defendant is Culpable for its Conduct

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Defendant's failure to answer, despite adequate service, actual knowledge of the lawsuit, and service of the Entry of Default, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

  C.  The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly

7

outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $67,402.00, are both reasonable and fair given the circumstances and facts of the case.

    i.    Legal Sufficiency

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Nishimatsu Constr. Co. v Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5rh Cir., 1987). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff placed her phone number on the National Do Not Call Registry February 2, 2022. Compl. ¶ 22. Every phone call in the Complaint was a solicitation phone call marketing auto warranty policies. Compl. ¶ 23. Plaintiff delivered multiple DNC requests that were ignored. Compl. ¶ 34, 36, 37. Plaintiff did not consent to the phone calls alleged herein. Compl. ¶23. Defendant called Plaintiff more than 3-times in a 24-hour period on multiple occasions. Compl. Table A ¶ 40. Defendant did not have a valid Texas telephone solicitation registration. Compl. ¶ 41. Plaintiff has supported her TCPA claims with adequate specificity alleging the date, time, and content of each call. Compl. Table A ¶ 40.

<u>First Claim:</u>  47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § (b)(3)(B); 47 U.S.C. § 227(b)(3)(C)

The Elements of this claim are: (1) The Defendants made multiple calls to a residential telephone; (2) using a prerecorded voice to initiate the calls; (3) for non-emergency purposes; (4) without prior written consent.

Plaintiff's Complaint pleads each element of this claim,

(1) Defendant called Plaintiff's residential telephone line, Compl. COUNT II ¶ 7.

(2) Using a prerecorded voice to initial the calls, Compl. ¶ 24, 26, 27, 39, Table A 40.

(3) For non-emergency purposes, Compl. ¶ 42.

(4) Without having Plaintiff's express written or verbal consent, Compl. ¶ 23.

Second Claim 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).

The elements of this claim are: (1) the defendant called a personal residential telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's residential telephone number, Compl. COUNT II ¶ 7;

(2) registered on the National Do Not Call Registry, *id*. ¶ 22;

(3) at least twice in any 12-month period, *Id*. Table A ¶ 40;

(4) for the purpose of initiating any telephone solicitation, *Id.* ¶ 25, 52, 53, 57 ;

(5) Plaintiff did not consent to any of the phone calls sent to his personal phone. *Id*. ¶ 23.

Third Claim: Texas Business and Commerce Code 302.101

The elements of this claim are: (1) Defendant called a Texas resident; (2) Defendant called a residential telephone number; (2) Defendant called for the purpose of solicitation; and (3) Defendant is not registered to telephone solicit in Texas.

Plaintiff's Complaint pleads each element of this claim.

(1) Defendant called a Texas resident, Compl. ¶ 3;
(2) Defendant called Plaintiff's residential telephone number.  Compl. COUNT II ¶ 7;

9

>> (3) Defendant called Plaintiff for the purpose of solicitation. *Id*. ¶ 24, 26, 27, 39, Table A 4043, 51;
>
> (4) Defendant is not registered to telephone solicit in Texas. *Id* ¶ 41.

> ii. Damages are Appropriate for Default Judgment

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

In TCPA cases, a six-figure demand does not cause the sum at stake to weigh against granting default judgment. Courts have granted six and even seven-figure default judgments in TCPA cases. See e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554m at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Engagic USA Inc., Civ*. No. 15-00847, at *1-2 (M.D. Ten Jan. 16, 2018), ECF no. 274 ($259,500); *Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) ($221,500).

The statutory penalty for a 227(b) and 227(c) TCPA violation is up to $500 for each *violation* of section (b) and (c). These damages can be up to trebled to $1,500 each. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

Plaintiff is not seeking treble damages in this case.

Defendant made each of the solicitation phone calls in this case without holding a valid Texas Telephone Solicitation registration. Compl. ¶ 41. A person or entity who violates Chapter 302 of the Texas Business and Commerce Code is subject to a "civil penalty of not more than

$5,000 for each violation." Tex. Bus. Com. Code 302.302(a).

The sum of statutory damages, therefore, totals $67,000. Two (2) phone calls in violation of 47 U.S.C. § 227(b)(1)(A) at $500 per call ($1,000) as permitted under 227(b)(3)(B). twelve (12) phone calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(3)(f) at $500 per call ($6,000) as permitted under 47 U.S.C. § r227(c)(3)(F). Twelve (12) phone calls in violation of Tex. Bus. Com. Code 302.101 at $5,000 per call ($60,000).

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth.Tax Servs.*, at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which she is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1).
Therefore, Plaintiff seeks a total judgment of $67,402.00.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $67,402.00, calculated as follows: $500 per § 227 (b) violation for two (2) violations, $500 per § 227 (c) violation for twelve (12) violations, $5,000 per Tex. Bus. Com. Code § 302.101 violation for twelve (12) violations, plus $402 in filing fees.

## CONCLUSION

Defendant decided to make calls to the Plaintiff's phone number listed on the National Do Not Call Registry to solicit into Texas. Defendant decided not to defend this lawsuit.

Accordingly, entry of default judgment against Defendant is appropriate. Plaintiff Barbara Silva respectfully prays for an award of $67,402.00, plus any other relief that the court deems just and proper.

August 15, 2024,                                         Respectfully submitted,

*Barbara Silva*

Barbara Silva
Plaintiff, Pro Se
8749 Coloma Cir
El Paso, TX 79907
bbrios259@gmail.com
915-887-8790